### Juett v. Marksberry.

(Decided November 17, 1925.)

Appeal from Grant Circuit Court.

Damages—Additional Damages Cannot be Recovered Under Unambiguous Dissolution Agreement of Partners Providing for Definite Amount of Damages.—Where partners on dissolution entered into agreement with penalty for retiring partner to engage in same business, it was held that, where agreement was unambiguous to effect that penalty should be $500.00, additional damages could not be recovered thereunder.

C. C. ADAMS for appellant.

O. S. HOGAN, WEBB & HOGAN and R. L. WEBB for appellee.

Opinion of the Court by Commissioner Sandidge—Affirming.

Prior to March 26, 1920, appellant, K. A. Juett, and appellee, John Marksberry, were engaged in business as partners in Williamstown, Kentucky. On that date appellant purchased appellee's interest in the business under terms which were reduced to writing and signed. The writing contained the following two paragraphs:

"It is further agreed that the said John Marksberry shall not engage in the business of selling automobiles, tires or other accessories or the sale of farming implements, or operate autos for hire or do

any of the things heretofore done by the said partnership business, either as agent for another person or persons, firm or company, either in Grant, Pendleton or Owen counties, for a period of five years from the making of this contract, and that a violation of this provision or stipulation, in any way, in letter or spirit, directly or indirectly, shall be the cause for payment to the said Kenneth A. Juett, or to his heirs or assigns or representatives, the sum of $500.00.

"In addition to the consideration heretofore mentioned, and for the good will of the said John Marksberry, the said John Marksberry shall also be paid the sum of $500.00, which shall become the property and money of the said John Marksberry individually and free from the claims of the partnership firm."

Within five years thereafter appellee, in competition with appellant, entered the same business in Williamstown, and appellant instituted this action to recover $2,-000.00 in damages for his violation of the provisions, *supra,* of the contract by so doing. The trial court sustained appellee's demurrer to appellant's petition in so far as it undertook to recover more than $500.00, but overruled the demurrer to that extent. Amendments were offered and filed, and, on subsequent demurrers interposed, the trial court ruled as upon the first. Appellee answered, confessing that in violation of his agreement not to do so he had again entered the business in question, and confessing that under the terms of the contract, *supra,* he was indebted to appellant in the sum of $500.00. The court thereupon entered judgment in favor of appellant for $500.00, to which he excepted. He has prosecuted this appeal.

The correctness of the trial court's judgment that under the contract, *supra,* appellee is liable to appellant for $500.00 because of his violation of the contract not to engage in the same business again in Williamstown within five years is conceded and need not be discussed.

It is contended for appellant that the second paragraph quoted above is separable from the first and that by again entering the same business appellee has violated not only his agreement not to do so, embodied in the first paragraph above, for which $500.00 was agreed upon as liquidated damages, but also the contract by which he sold his "good will" for which he is answerable in damages.

From the language the parties used to express their intention with reference to appellee's again engaging in the same business, it is obvious that appellee agreed that he would not again engage in the same business in Williamstown, Kentucky, within the next five years without paying to appellant $500.00, and appellant agreed that appellee might within the five years again engage in the same business in Williamstown, Kentucky, by paying to him the sum of $500.00. Therefore, can it be held, as is insisted by appellant, that the parties intended by the second paragraph quoted above if appellee did again engage in the same business in Williamstown, Kentucky, within five years he would be liable not only for the $500.00 but also for a violation of the contract by which he sold his interest in the firm's good will to appellant and for whatever damages might ensue? That construction can not be placed upon the second clause in view of the unambiguous and express agreement between the parties embodied in the first that appellee might engage in the same business again in Williamstown within five years by paying $500.00. The two propositions are not separable. When the two clauses are read together, it becomes manifest that appellee's interest in the good will of the business was valued by them at $500.00. Appellant, who succeeded to the partnership business, likewise succeeded to its good will. When they provided that appellee might engage in the same business in the same town by paying to appellant $500.00, they certainly contemplated all the damages that would accrue to appellant by his so doing. Whatever effect his so doing might have upon the "good will" for which he was paid $500.00, regardless of what the parties understood that term to mean as they used it in the second paragraph above, must have been in the contemplation of the parties when they agreed that he might do so by paying $500.00.

The judgment entered conforms to our opinion herein expressed. The judgment, therefore, is affirmed.